UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS SMITH,<br><br>             Petitioner,<br><br>      v.<br><br>DERRAL G. ADAMS,<br><br>             Respondent. | CASE NO. ED CV 10-1119-GW (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On July 29, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 1992 state court conviction for burglary and multiple counts of sexual assault and oral copulation. (Petition at 2.) In the Petition, he claims that he is actually innocent of the sexual assaults, that evidence of his innocence was unlawfully destroyed, and that he received ineffective assistance of counsel. (Petition at 5-6 and Attachments.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). For prisoners like Petitioner, whose conviction became final before the enactment of the statute of

limitations on April 24, 1996, the one-year period began on that date and ended a year later in April 1997.[1]  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner, however, did not file this Petition until July 2010, more than 13 years after the deadline.

Petitioner explains that he did not bring this action sooner because of a lack of formal education.  (Attachment, Introduction at 1.)  Though the statute of limitations is subject to equitable tolling in appropriate cases, *see Holland v. Florida,* 130 S. Ct. 2549, 2010 WL 2346549, at *9 (2010), lack of legal and educational training alone does not support a claim for equitable tolling.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that prisoner's "lack of legal sophistication" is not an extraordinary circumstance warranting equitable tolling); *see also Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* prisoner's illiteracy unfortunate but insufficient to avoid procedural bar).

Petitioner also suggests that his Petition is not late because of "newly discovered evidence."  (Attachment, Declaration of Robert L. Smith.)  Generally, under 28 U.S.C. § 2244, the statute of limitations begins to run when the petitioner's state conviction becomes final.  There is an exception to this rule for claims that are based on facts that are not immediately known to the petitioner.  28 U.S.C. § 2244(d)(1)(D).  Under this exception, the limitations period does not begin to run until "the date on which the factual predicate of the

---

[1] Petitioner's conviction became final on October 10, 1995, 90 days after the state supreme court denied review and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner claims that in 2008, pursuant to a request for DNA testing, he learned that all the forensic evidence from the crime scene had been destroyed. That evidence, however, was destroyed in 2000. (Attachment, Exh. D at 3-4.) Petitioner has not explained why it took him eight years to discover the factual predicate of his claim of unlawful destruction of evidence. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). In short, Petitioner has failed to set forth any newly discovered facts that would entitle him to a later start date for the limitations period.

Finally, the Court notes that Petitioner's claim of actual innocence does not warrant an exception to the statute of limitations. *See Lee v. Lampert*, __ F.3d __, 2010 WL 2652505, at *7 (9th Cir. 2010).

IT IS THEREFORE ORDERED that, no later than **September 6, 2010**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: August __2__, 2010.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SMITH, R 1119\OSC dismiss pet.wpd

3